UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTOPHER COPLEY,

        Petitioner,

v.                                          CASE NO. 08-12058
                                          HONORABLE GERALD E. ROSEN

OAKLAND COUNTY PROSECUTOR
and THE MICHIGAN DEPARTMENT
OF CORRECTIONS,

        Respondents.
_____/

## ORDER TRANSFERRING CASE TO THE UNITED STATES
## COURT OF APPEALS PURSUANT TO 28 U.S.C. § 2244(b)(3)(A)

Petitioner Christopher Copley has filed a *pro se* habeas corpus petition, which challenges his 1991 state convictions for larceny by conversion and doing business without a license. Petitioner alleges that he did not commit the crimes and, because no complaint was ever filed, the trial court lacked jurisdiction.

Petitioner has filed at least one other habeas petition challenging the same convictions. This Court dismissed the previous habeas petition with prejudice for failure to comply with the statute of limitations. *See Copley v. Kapture*, No. 01-72754 (E.D. Mich. Mar. 27, 2002).

Before a second or successive application for habeas corpus relief may be filed in the district court, the applicant must move in the appropriate court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3)(A). When a petitioner files a second or successive petition for habeas corpus relief in the district court without § 2244(b)(3) authorization from the court of appeals, the district court must transfer the

petition to the court of appeals pursuant to 28 U.S.C. § 1631. *Sims v. Terbush*, 111 F.3d 45, 47 (6th Cir. 1997).[1]

Petitioner has failed to demonstrate that he was granted permission to file a second or successive habeas corpus petition. Accordingly, the Clerk of Court is **ORDERED** to transfer this case to the United States Court of Appeals for the Sixth Circuit pursuant to *Sims* and 28 U.S.C. § 1631.


s/Gerald E. Rosen
Gerald E. Rosen
United States District Judge

Dated: June 11, 2008

I hereby certify that a copy of the foregoing document was served upon counsel of record on June 11, 2008, by electronic and/or ordinary mail.

s/LaShawn R. Saulsberry
Case Manager

---

[1] Section 1631 provides in pertinent part:

Whenever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed . . . , and the action . . . shall proceed as if it had been filed in . . . the court to which it is transferred on the date upon which it was actually filed in . . . the court from which it was transferred.